**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

AMADOR RIVERA,                                :
        Plaintiff,                          :
                                            :
     v.                                     :            3:09-CV-6 (CSH)
                                            :
LORI INFERRERA, ET AL.,                       :
        Defendants.                        :

**RULING ON PENDING MOTIONS**

Plaintiff Amador Rivera, incarcerated and *pro se*, filed  this action pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) seeking compensatory damages for emotional distress.  As Defendants, he named Division Managers Lori Inferrera and Linda I. Kunofsky and Deputy Clerks John/Jane Does, who work or worked in the Clerk's Offices of the United States District Court for the District of Connecticut.

On November 5, 2005, Senior United States District Judge Peter C. Dorsey ordered that a transcript of a detention hearing held on December 13, 1995, in plaintiff's federal criminal case, *United States v. Rivera, et al.*, Case No. 3:94CR233 (PCD), be provided to plaintiff.  Plaintiff claimed that he sent a letter to the Clerk of the Court and made telephone calls to the Clerk's Office in New Haven inquiring about the transcript of the detention hearing.  Several court clerks informed plaintiff that the transcript could not be found.  Plaintiff alleged that in July 2007, defendant Inferrera informed him that the tape of the detention hearing had been mistakenly placed with electronic recordings of hearings held in civil files and sent to the Federal Records Center on March 6, 1998, and had since been destroyed.  No transcript of the tape had been made prior to its destruction.  In December 2007, plaintiff received a letter from the Director of Records Center Operations for the Northeast Region, who confirmed that the records containing

the tape of the detention hearing had been destroyed in January 2007.  Plaintiff claimed that the defendants negligently failed to provide him with a transcript of the detention hearing before the tape was destroyed in January 2007.

 On August 10, 2009, the court dismissed the complaint as to the claims against the defendants in their official capacities as barred by sovereign immunity and dismissed the claims against the defendants in their individual capacities as lacking an arguable legal basis pursuant to 28 U.S.C. § 1915A(b)(1). (*See* Initial Review Order, Doc. 5.)  Plaintiff seeks reconsideration of the court's ruling dismissing the complaint.  Plaintiff has captioned the motion as one to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e), but it is in effect a motion for reconsideration and the court will address it as such.

The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Reconsideration is appropriate only "if there has been an intervening change in controlling law, there is new evidence, or a need is shown to correct a clear error of law or to prevent manifest injustice."  *United States v. Sanchez*, 35 F.3d 673, 677 (2d Cir. 1994).

Plaintiff contends that the court erred in characterizing his allegations against the defendants as negligence claims.  He asserts that the complaint includes claims of deliberate or intentional indifference to his constitutional rights and violations of his Fifth, Eighth and Fourteenth Amendment rights.  The court has reviewed the complaint and concludes that it does not include claims that the defendants violated plaintiff's Fifth, Eighth or Fourteenth Amendment

rights or facts to support such claims.  Throughout the complaint, plaintiff describes defendants' actions or omissions as negligent.  At the end of the Statement of Facts section of the complaint, plaintiff concludes that the destruction or disappearance of the detention hearing tape was not an accident, but was premeditated.  This conclusory statement is not supported by facts. Accordingly, it does not constitute a plausible claim that the defendants violated plaintiff's constitutional rights.  *See Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully.")(citations omitted); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007) (A complaint that only includes "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" or tenders "naked assertion[s]" devoid of "further factual enhancement . . . stops short of the line between possibility and plausibility") (citations omitted).

Plaintiff attempts to assert three new claims against the defendants in his motion for reconsideration.  He contends that the defendants (1) knew where the detention hearing tape was at all times prior to its destruction, (2) were aware that he was subject to a substantial risk of harm if they did not send him the transcript and (3) intentionally permitted the destruction of the detention hearing tape.  As these allegations were not in the complaint, the court did not overlook them.

Even if the court were to permit the plaintiff to amend his complaint to add these allegations, the facts previously alleged and the exhibits to the complaint do not support these allegations.  As to the first new allegation, the facts and documents attached to the complaint do

3

not show that the defendants knew at all times where the December 13, 1995 detention hearing tape was located.  Rather, the facts demonstrate that the defendants could not locate the detention hearing tape initially, but in July 2007, discovered that it had been placed in a box with electronic recordings of hearings held in civil files that had been sent to the Federal Records Center in March 1998.

With regard to the second new allegation, plaintiff claims that the United States Attorney who prosecuted his federal criminal case unlawfully used the Social Security number and Federal Bureau of Investigation number of another individual, Armondo Rivera, to arrest and detain him in December 1995.  Plaintiff contends that a transcript of the tape of his detention hearing would verify this fact and would constitute a basis for his release from prison.

The letter that plaintiff filed in his criminal case in which he sought the transcript of the detention hearing did not include a reason for the transcript request.  *(See United States v. Rivera*, Case No. 3:94CR223(PCD), Doc. No. 2343.)  Furthermore, in another action filed in this court, plaintiff has asserted that he only became aware of his illegal arrest and detention in March 2007, well after Judge Dorsey entered the November 5, 2005 order granting his request for a transcript of the December 13, 1995 detention hearing and the hearing tape had been destroyed by the Federal Records Center.  (*See Rivera v. Doe, et al.*, Case No. 3:09cv7 (CSH), Compl. at 5.) Thus, plaintiff's claim that the defendants knew he would be unable to challenge his conviction and would be subject to continued confinement if they did not provide him with the transcript of the detention hearing prior to its destruction is without factual support.

The third new allegation, that the defendants intentionally permitted the destruction of the detention hearing tape, is contradicted by the information in the attachments to the complaint.

4

These documents reflect that the destruction of the boxes containing the tape was authorized by someone in the United States Bankruptcy Court, not the defendants who work in the Clerk's Offices of the United States District Court.  Because these new allegations do not constitute plausible claims of violations of plaintiff's constitutional or federally protected rights, the court will not construe plaintiff's motion as a request to amend the complaint or permit plaintiff to amend the complaint.

**CONCLUSION**

The Motion for Reconsideration [**Doc. 8**] and Motion to Amend the Motions for Reconsideration/Disposition [**Doc. 10**] are **GRANTED**.  However, upon reconsideration, the court **AFFIRMS** its Initial Review Order [**Doc. 5**] dismissing the complaint.  Because the court has ruled on plaintiff's motion for reconsideration, the Motion for Disposition [**Doc. 9**] is **DENIED** as moot.

**SO ORDERED** at New Haven, Connecticut this 12th day of March, 2010.

*/s/ Charles S. Haight, Jr.*
_____
Charles S. Haight, Jr.
Senior United States District Judge